IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| jinhuashiyehedianzishangwuyouxiangongsi d/b/a Hhuohuachichi, <br><br> Plaintiff, <br><br> v. <br><br> Dbest Products Inc., <br><br> Defendant. | Case No. 1:24-cv-13287 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff jinhuashiyehedianzishangwuyouxiangongsi d/b/a Huohuachichi ("Plaintiff") brings this complaint against Dbest Products Inc. ("Defendant"), a California corporation, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a diversity action for tortious interference as Defendant unlawfully restrained legal business competition by making baseless and false allegations of patent infringement against Plaintiff. By falsely claiming that Plaintiff's products infringe upon Defendant's patent, Defendant has intentionally disrupted Plaintiff's business operations on Amazon, causing significant harm to its sales, reputation, and customer relationships. Such actions are designed not to protect any legitimate intellectual property rights but to stifle competition and gain an unfair advantage in the marketplace. Furthermore, in doing so, Defendant is attempting to extort money from Plaintiff in exchange for releasing Plaintiff's ASINs, leveraging false claims to coerce financial gain. This wrongful interference with Plaintiff's contractual and prospective

1

economic relations constitutes a deliberate and unjustifiable effort to harm Plaintiff's business, suppress fair competition, and exploit Plaintiff for monetary benefit.

2. This is also a declaratory judgment of non-infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3. Specifically, Plaintiff requests this relief because Defendant recently accused Plaintiff of patent infringement. Plaintiff and Defendant both sell products through Amazon.com. Defendant recently filed a complaint with Amazon against Plaintiff, alleging that Plaintiff's stackable storage bins ("Non-Infringing Product") infringe U.S. Patent No. 12,103,576 ("the '576 Patent") (Attached as Exhibit A). Plaintiff received notice regarding this complaint on December 5, 2024. (Attached as Exhibit B.) Under Amazon's intellectual property notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve the claim with the patent owner (*i.e.*, Dbest Products). The parties are unable to reach a compromise.

4. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

5. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

6. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly

herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

7. Plaintiff, jinhuashiyehedianzishangwuyouxiangongsi d/b/a Huohuachichi is a private Chinese company.

8. Upon information and belief, Defendant is a California corporation, with its registered office address and principal place of business being 16506 South Avalon Boulevard, Carson, CA 90746.

9. Upon information and belief, and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '576 Patent by assignment.

## JURISDICTION AND VENUE

10. This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a Chinese company with a principal place of business in China, and Defendant, on information and belief, is a California corporation with a principal place of business in California. The diversity of citizenship between the parties and the substantial financial harm caused to Plaintiff by Defendant's wrongful conduct in Illinois establish proper jurisdiction in this Court.

11. The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

12. The Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a).

13. This Court has personal jurisdiction over the parties, and venue in this judicial

district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com and website, www.dbest-products.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '576 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '576 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

14. On or around December 5, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

15. Unless a declaratory judgment complaint is filed and a court order granting relief sought herein, the Amazon marketplace intends to remove Plaintiff's Non-Infringing Products consisting of at least ASIN: B0CGD1R87W, B0DGTP4PZJ, B0CGD1W4P6, B0D93RMSVD, and B0D9BCZJSK under the pretext that the ASINs may infringe the '576 Patent.

16. By initiating the Amazon Complaint against Plaintiff, a company with whom

4

Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois *vis-a-vis* Plaintiff's goods.

17. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Illinois. The legal rights that were violated as complained of herein exist in Illinois, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Illinois.

## FACTUAL BACKGROUND

18. On December 20, 2011, the United States Patent and Trademark Office issued the '576 Patent.

19. Defendant purports to own the right, title, and interest in the '576 Patent by assignment, including the right to license, sell, and enforce the '576 Patent.

20. On or around December 5, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

21. That same date, in response to Defendant's Amazon Complaint, the Amazon marketplace notified Plaintiff that its Non-Infringing Products would be removed under the pretext that the ASIN-in-question may infringe the '576 Patent if Plaintiff is unable to resolve the claim directly with Defendant, or if Defendant does not challenge the infringement claim in court.

22. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

23. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Non-Infringing Products do not infringe the '576 Patent because none of the Non-Infringing Products possess all the elements and limitations of any claim of the '576 Patent.

**COUNT I
DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
(U.S. PATENT NO. 12,103,576 )**

24. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

25. Defendant has contended that Plaintiff's Non-Infringing Products infringe at least one claim of the '576 Patent.

26. Plaintiff does not infringe any valid and enforceable claim of the '576 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Non-Infringing Products.

27. Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services that infringe any valid and enforceable claim of the '576 patent.

28. By example, without limitation, Plaintiff alone does not perform all the steps recited the claims of the '576 patent as is required for direct infringement.

29. Plaintiff's Non-Infringing Products do not meet all limitations of claim 1, at least because they lack the "a first track" limitation.

30. Plaintiff's Non-Infringing Products do not meet all limitations of claim 11, at least because they lack the "the right sidewall comprising a third right panel" limitation.

31. Plaintiff's Non-Infringing Products do not meet all limitations of claim 15, at least because they lack the limitation that "the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly."

32. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '576 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Non-Infringing Products.

33. Defendant's allegations of infringement of the '576 patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONS

34. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

35. Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

36. Plaintiff also has a contractual relationship with Amazon.

37. Defendant knew of Plaintiff's business and contractual relationship with Amazon.

38. Defendant intentionally and improperly interfered with Plaintiff's advantageous and contractual relationship with Amazon by wrongfully complaining, in writing, to Amazon that Plaintiff was selling infringing products.

39. Defendant's conduct directly and proximately caused disruption of Plaintiff's relationship and contract with Amazon.

40. Defendant intended to cause Amazon to suspend Plaintiff's ability to sell the Non-

Infringing products on Amazon and, therefore, interfered with the contractual and business relationship between Amazon and Plaintiff.

41. Defendant had actual knowledge that its actions would cause Amazon to suspend Plaintiff's listings and the ability to sell the Non-Infringing products on Amazon.

42. Defendant's accusations were false and were made maliciously and with ill will.

43. Plaintiff has been damaged by the suspension of these listings by losing revenue related to the suspended listings.

44. The value of the suspended listings exceed $150,000.

45. Plaintiff is entitled to damages, costs and attorneys' fees as allowed by law.

46. Plaintiff has suffered injury and, unless Plaintiff is enjoined from further such activity, will continue to suffer injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '576 Patent is not infringed by Plaintiff.

2. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

    A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

    B. Requiring that Defendant provide written notice of the injunction to all enjoined parties.

3. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Non-Infringing Products infringe, despite them not actually infringing.

4. Judgment awarding Plaintiff of its damages for Defendant's tortious interference with the contract and relationship between Plaintiff and Amazon.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded punitive damages for Defendant's tortious conduct.

8. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: December 27, 2024

Respectfully submitted,

/s/Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff,*
jinhuashiyehedianzishangwuyouxiangongsi
d/b/a Huohuachichi